```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

PEACE LAKE TOWERS, INC.                    CIVIL ACTION

VERSUS                                      NO. 06-4522 c/w
                                            06-5136

INDIAN HARBOR INSURANCE                     SECTION: "R"(2)
COMPANY

## ORDER AND REASONS

Before the Court are several motions in the above-captioned case that arises from a dispute over insurance coverage in the aftermath of Hurricane Katrina. For the following reasons, the Court decides that: the partial summary judgment motion filed by defendants Housing Insurance Services and Kimberly Tompkins is DENIED; the motion to sever, stay, and abate plaintiff's bad faith claim filed by defendant Indian Harbor is DENIED; the summary judgment motion filed by defendants Housing Insurance Services and Kimberly Tompkins is GRANTED; and the motion to stay filed by plaintiff is GRANTED.

**I.   BACKGROUND**

Plaintiff in these consolidated actions is Peace Lake

Towers, a non-profit corporation that owns a six-story apartment building in eastern New Orleans. The building, which has been used to provide long-term subsidized housing to low-income and disabled senior citizens, sustained significant damage as a result of Hurricane Katrina. Plaintiff avers that a field inspection conducted in April 2006 found that the cost of repairing the structure as a result of damage causes other than flood was $11,894,914.68. (Plaintiff's Compl., Civ. Docket No. 06-4522, at ¶ 4). This amount exceeds the $11,462,750 coverage limit contained in plaintiff's insurance policy for the structure. (*Id.* at ¶ 7). Defendant Indian Harbor Insurance Company issued the policy.

Plaintiff filed these actions against Indian Harbor, as well as its insurance agents and/or brokers, Resurgens Risk Management, Risk Management Continuum, and Gwendolyn Zander, and Housing Insurance Services and Kimberly Tompkins, after Indian Harbor tendered plaintiff $60,899.25 on its claim for the full policy limit. (Plaintiff's Compl., Civ. Docket No. 06-4522, at ¶ 8). Plaintiff has sued Indian Harbor for breach of contract and bad faith under La. Rev. Stat. §§ 22:658 and 22:1220, as well as unfair settlement practices under La. Rev. Stat. § 22:1214. Plaintiff has also sued its insurance agents and brokers for negligence and breach of contract arising from their alleged

failure to procure adequate insurance coverage for plaintiff.

Since the filing of these related complaints, the Court consolidated the claims against the insurance company, insurance agents, and insurance brokers into one action.  Several pretrial motions are currently pending before the Court.  Housing Insurance Services and Kimberly Tompkins filed a motion for partial summary judgment as to plaintiff's bad faith claims that relate to the processing and/or handling of plaintiff's hurricane damage claim.  (Civ. Docket No. 06-4522, R. Doc. 27).  Indian Harbor filed a motion to sever, stay, and abate plaintiff's bad faith claim under Rule 42(b) of the Federal Rules of Civil Procedure.  (Civ. Docket No. 06-4522, R. Doc. 18).  Plaintiff filed a motion to stay these proceedings.  (Civ. Docket No. 06-4522, R. Doc. 29).  Housing Insurance Services and Kimberly Tompkins filed a motion for summary judgment as to all of plaintiff's claims against them, asserting that the claims do not implicate any recognized duty under Louisiana law and that any claims against them are perempted under La. Rev. Stat. § 9:5606. Resurgens Risk Management, Risk Management Continuum, and Gwendolyn Zander also filed a motion for summary judgment as to all of plaintiff's claims against them, asserting that plaintiff's claims are perempted under Section 9:5606 and that defendants did not breach any duty owed to plaintiff.  On March

21, 2007, plaintiff and the Risk Management defendants filed a joint Rule 41(a)(1)(ii) stipulation of dismissal as to all of plaintiff's claims against these defendants, thus rendering moot this motion for summary judgment. (R. Doc. 75).

After considering the parties' submissions, the arguments presented orally to the Court, and relevant Louisiana law, the Court rules on the remaining motions as follows.

## II.   LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may

satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.**    **Partial Motion for Summary Judgment filed by Housing Insurance Services and Kimberly Tompkins**

Defendants Housing Insurance Services and Kimberly Tompkins contend that they are entitled to summary judgment on plaintiff's claims against them to the extent that plaintiff alleges bad faith under La. Rev. Stat. §§ 22:695 and 22:1220 for the handling of its insurance claims. However, defendants in this motion misstate the claims asserted against them. As discussed above, plaintiff filed two complaints arising out of the same insurance policy against their insurer and their agents/brokers, respectively. Plaintiff's complaint filed in Civil Action No.

06-5136 asserts that Housing Insurance Services and Kimberly Tompkins, as well as other defendants, were negligent and in breach of contract for their alleged failure to procure adequate insurance coverage. It does not purport to state a claim against Housing Insurance Services or Kimberly Tompkins under either La. Rev. Stat. §§ 22:695 or 22:1220. Rather, those claims are asserted in plaintiff's complaint filed in Civil Action No. 06-4522, but solely as to defendant Indian Harbor. The Court therefore DENIES this motion for partial summary judgment, as the motion is based on an erroneous characterization of plaintiff's claims.

    **B.   Motion to Sever, Stay, and Abate Plaintiff's Bad Faith Claim filed by Indian Harbor**

Defendant Indian Harbor requests that the Court bifurcate plaintiff's breach of contract and bad faith claims, such that the claim for breach of contract is tried first and the claim for bad faith is tried second, if necessary.[1] Rule 42(b) of the Federal Rules of Civil Procedure authorizes district courts to order a separate trial of any claim if the interests of judicial economy, convenience, and fairness will be furthered. *See*

---

[1] Plaintiff asserts in its Motion to Stay, discussed *infra*, that Indian Harbor agreed to withdraw this motion in light of the parties' agreement to stay the entire matter. (R. Doc. 29-2, at 2). However, in the absence of any request by Indian Harbor to withdraw this motion, it remains pending before the Court.

*Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994); *Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995); *Ferguson v. State Farm Ins. Co.*, 2007 WL 102127 (E.D. La. Jan.9, 2007).  Rule 42(b) provides in part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . always preserving inviolate the right of trial by jury . . . .

Fed. R. Civ. P. 42(b).  The decision to order separate trials is in the sound discretion of the district court.  *See Conkling*, 18 F.3d at 1293; *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); *Ferguson*, 2007 WL 102127, at *1; Charles Alan Wright & Arthur R. Miller, 9 *Federal Practice & Procedure* § 2388 (West).  Furthermore, separation of issues for separate trials is "not the usual course that should be followed."  *Houston McLane Co., Inc. v. Connecticut General Life Ins. Co.*, 2006 WL 3050812 *2 (S.D. Tex. Oct. 24, 2006) (citing *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993).

Indian Harbor argues that the Court should bifurcate plaintiff's bad faith claim until the resolution of the coverage issue.  Indian Harbor explains that an insurer cannot be held liable for bad faith denial of coverage unless there was a valid underlying claim of liability against the insured.  *See, e.g.,*

7

*Stock v. State Farm Ins. Co.*, 1996 WL 571774, at *3 (E.D. La. Oct. 1, 1996). As such, Indian Harbor contends that a trial on the bad faith claim may be altogether unnecessary if it is determined that there has been no breach of contract. Further, Indian Harbor asserts that it may be prejudiced by arguments made in the course of the trial of the bad faith claim that could create confusion and result in the jury being unable to separate the coverage dispute from the bad faith claim.

The Court finds that bifurcation is not appropriate in this case. Any prejudice to Indian Harbor that could result from the joint trial of the claims of coverage and bad faith can be cured by appropriate instructions to the jury. As another section of this Court recently stated in addressing a similar motion, "any prejudice would not be substantial enough to warrant separate trials . . . ." *Ferguson*, 2007 WL 102127 at *1. Moreover, evidence on the coverage issues and Indian Harbor's defenses to them is likely to be interwoven to a large extent with the claims handling issues. Judicial economy will therefore not be served by ordering separate trials. Thus, the Court DENIES Indian Harbor's motion to bifurcate plaintiff's breach of contract and bad faith claims.

### C. Motion for Summary Judgment filed by Housing Insurance Services and Kimberly Tompkins

Defendants Housing Insurance Services and Kimberly Tompkins move for summary judgment on plaintiff's negligence and breach of contract claims against them. Defendants contend that plaintiff's claims are prescribed under La. Rev. Stat. § 9:5606 or, in the alternative, that defendants had no contract with or duty to the plaintiff in this matter. The Court pretermits the prescription issue because plaintiff has failed to establish a genuine issue of material fact as to whether these defendants had a duty and/or agreement with plaintiff to procure adequate insurance coverage.

It is well established under Louisiana law that a plaintiff may recover for his insurance agent's failure to procure requested insurance coverage. The Louisiana Supreme Court has held: "An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested coverage." *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730 (La. 1973). Citing *Karam*, the Fifth Circuit stated:

> In order to recover for a loss arising out of the failure of an insurance agent to obtain insurance

>coverage, the plaintiff must prove: (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that the client was properly insured.

*Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990).

In their summary judgment motion, defendants contend that, as a wholesale insurance broker, Housing Insurance Services was never plaintiff's agent during its insurance procurement process, and thus plaintiff's claim fails as a matter of Louisiana law. In an affidavit, Kimberly Tompkins, who is a program coordinator for Housing Insurance Services, avers that she merely procured from Indian Harbor the insurance coverages that the Risk Management defendants requested on behalf of plaintiff. (R. Doc. 39-6). She further avers that she was "never in contact with Peace Lake Towers, Inc. for any reason until after Peace Lake Inc. filed a claim for damages due to Hurricane Katrina." (*Id.*). Defendants offer evidence in the form of e-mail communications between the Housing Insurance Services defendants and the Risk Management defendants in late 2004 that show the Risk Management defendants placed an insurance application for plaintiff with Housing Insurance Services. (*Id.*). The contents of the e-mails

appear to support defendants' contention that their contact in this matter was exclusively with the Risk Management defendants, not with plaintiff.

In response, plaintiff submits the affidavit of Samuel M. Sipes, the president and chief operating officer of Lutheran Social Services of the South, Inc., which manages plaintiff's property.  Sipes avers that, in 2004 and 2005, Lutheran Social Services of the South had a policy to request that its insurance agents and brokers procure insurance that would fully protect its properties, including Peace Lake Towers, from "all insurable damages," including damages sustained as a result of hurricanes. (R. Doc. 53-3).  He further avers that if plaintiff "had been notified by any of the defendant agents in this case that the policies written for Peace Lake Towers for 2005 did not provide full coverage for insurable damages that could be sustained in a hurricane," it would not have purchased these policies.  (*Id.*). This affidavit however does not controvert the evidence provided by the Housing Insurance Services defendants.  It does not establish, for example, that plaintiff had any direct discussions with these defendants or otherwise had any contractual relationship with them, such that they owed plaintiff any duty in this matter.  Instead, the undisputed evidence establishes that the Housing Insurance Services defendants were merely

11

intermediaries between plaintiff's insurance agents and Indian Harbor, its insurer.  In that capacity, they procured the insurance requested by plaintiff's agents, not plaintiff. Moreover, at oral argument, plaintiff conceded that it was not Sipes, but Ron Cooper, who handled the insurance procurement for Peace Lake Towers and that it had not had any substantive communications with him on the issues involved in this litigation.

The Court therefore concludes that plaintiff has not set forth sufficient evidence to show that a genuine issue of material fact exists as to whether there was an agreement or undertaking by the Housing Insurance Services defendants to procure insurance for *plaintiff*, rather than for the Risk Management defendants.  This holding is in line with the decisions of other sections in the Eastern District of Louisiana that have addressed the issue of whether a wholesale broker has a duty to the insured absent any evidence of direct communications or contract between the parties.  *See, e.g., T.J.'s Sports Bar, Inc. v. Scottsdale Ins. Co.*, 2007 WL 196898 (E.D. La. Jan. 23, 2007) (finding that plaintiff had no possibility of recovery against wholesale broker who did not communicate with the insurance applicant, but rather provides insurance products to retail agents); *Cajun Kitchen of Plaquemines, Inc. v. Scottsdale*

*Ins. Co.*, 2007 WL 60999 (E.D. La. Jan. 3, 2007) (same); *Bowman v. Lexington Ins. Co.*, 2006 WL 3733839 (E.D. La. Dec. 14, 2006) (same).  The Court therefore GRANTS the motion for summary judgment as to all of the claims filed against Housing Insurance Services and Kimberly Tompkins.

**D.   Motion to Stay filed by Peace Lake Towers**

On January 26, 2007, plaintiff filed a motion to stay these proceedings so that it can fulfill conditions set forth in Indian Harbor's insurance policy for making a claim under that policy. Specifically, Indian Harbor has allegedly requested that plaintiff submit to additional examinations under oath and produce further requested documentation.  (R. Doc. 29-2, at 2). On February 1, 2007, Indian Harbor filed a memorandum in support of plaintiff's motion to stay these proceedings, asserting that it has been prejudiced by discovery delays resulting from plaintiff's desire to stay the litigation.  (R. Doc. 34-3).  By contrast, the Risk Management defendants and the Housing Insurance Services defendants filed their opposition to plaintiff's motion to stay on January 29, 2007 and January 30, 2007, respectively.  (R. Doc. 30, R. Doc. 32).  Both sets of defendants argued that a stay would unnecessarily delay a ruling on their pending motions for summary judgment.  Because the Risk Management defendants have been dismissed and the Court has

granted the Housing Insurance Services' motion for summary judgment, the opposition to plaintiff's stay is now moot.  Thus, for the reasons orally assigned on March 7, 2007, the Court GRANTS plaintiff's motion to stay these proceedings for four months.

**IV.   CONCLUSION**

For the foregoing reasons, the Court decides that: the partial summary judgment motion filed by defendants Housing Insurance Services and Kimberly Tompkins is DENIED; the motion to sever, stay, and abate plaintiff's bad faith claim filed by defendant Indian Harbor is DENIED; the summary judgment motion filed by defendants Housing Insurance Services and Kimberly Tompkins is GRANTED; and the motion to stay filed by plaintiff is GRANTED.

New Orleans, Louisiana, this <u>23rd</u> day of March, 2007.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE