```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


PEACE LAKE TOWERS, INC.                  CIVIL ACTION

VERSUS                                   NO. 06-4522 c/w
                                         06-5136

INDIAN HARBOR INSURANCE                  SECTION: "R"(2)
COMPANY
```

## ORDER AND REASONS

Before the Court is the motion of defendants Housing Insurance Services and Kimberly Tompkins for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

This Court granted the defendants' motion for summary judgment as to all of the claims filed against defendants Housing Insurance Services and Kimberly Tompkins on March 23, 2007. No parties to this action have moved for reconsideration of the Court's Order. As stated in this Court's Order and Reasons dated March 23, 2007, the lawsuits that comprise this consolidated

action stem from damage caused by Hurricane Katrina to a six-story apartment building in eastern New Orleans owned by plaintiff Peace Lake Towers.  Plaintiff avers that a field inspection conducted in April 2006 found that the cost of repairing the structure as a result of damage causes other than flood was $11,894,914.68.  (Plaintiff's Compl., Civ. Docket No. 06-4522, at ¶ 4).  This amount exceeds the $11,462,750 coverage limit contained in plaintiff's insurance policy for the structure.  (*Id.* at ¶ 7).  Defendant Indian Harbor Insurance Company issued the policy.

　　　Plaintiff initially filed these actions against Indian Harbor, as well as its insurance agents and/or brokers, Resurgens Risk Management, Risk Management Continuum, and Gwendolyn Zander, and Housing Insurance Services and Kimberly Tompkins, after Indian Harbor tendered plaintiff $60,899.25 on its claim for the full policy limit.  (Plaintiff's Compl., Civ. Docket No. 06-4522, at ¶ 8).  Plaintiff sued Indian Harbor for breach of contract and bad faith under La. Rev. Stat. §§ 22:658 and 22:1220, as well as unfair settlement practices under La. Rev. Stat. § 22:1214.  Plaintiff also sued its insurance agents and brokers for negligence and breach of contract arising from their alleged failure to procure adequate insurance coverage for plaintiff.  On March 21, 2007, plaintiff stipulated to the dismissal with

prejudice of all of its claims against Resurgens Risk Management, Risk Management Continuum, and Gwendolyn Zander.  (R. Doc. 75). On March 23, 2007, as noted above, the Court granted the summary judgment motion filed by Housing Insurance Services and Kimberly Tompkins, disposing of all of the claims against these defendants.  On that same date, the Court also stayed the remaining proceedings between Peace Lake Towers and Indian Harbor for four months.

    Pursuant to Rule 54(b), Housing Insurance Services and Kimberly Tompkins now move for entry of final judgment as to plaintiff's claims against them.  The motion is unopposed.

## II.  DISCUSSION

    Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is
> presented in an action, whether as a claim,
> counterclaim, cross-claim, or third-party
> claim, or when multiple parties are involved,
> the court may direct the entry of a final
> judgment as to one or more but fewer than all
> of the claims or parties only upon an express
> determination that there is no just reason
> for delay and upon an express direction for
> the entry of judgment.

Fed. R. Civ. P. 54(b).

    The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule 54(b)

certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996). The Court explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice:

> A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel.

*Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

The threshold inquiry for this Court is whether "there is no just reason for delay," a determination which is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). In making this determination, the district court has a duty to weigh "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324 (1950)). A major factor the district court should consider is whether the appellate court "'would have to decide the same issues more than once even if there were

4

subsequent appeals.'"  *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980)).

After weighing the appropriate factors, the Court finds that certification is inappropriate in this case.  The Court concludes that no injustice or hardship exists that would be alleviated by an immediate appeal and that no injustice would result from a delay in the entry of final judgment.  Further, the underlying litigation between Peace Lake Towers and Indian Harbor remains unresolved, and could result in an appeal.  Consequently, the possibility that an entry of judgment will produce piecemeal review in this case outweighs the danger of denying justice by delay.

**IV.  CONCLUSION**

For the foregoing reasons, the Court DENIES the motion for entry of final judgment pursuant to Rule 54(b).

New Orleans, Louisiana, this __18th__ day of April, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE