UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PEACE LAKE TOWERS, INC.                     CIVIL ACTION


VERSUS                                      NO. 06-4522 c/w
                                            06-5136

INDIAN HARBOR INSURANCE                     SECTION: "R"(2)
COMPANY


**ORDER AND REASONS**

Before the Court is the motion of defendants Housing

Insurance Services and Kimberly Tompkins for reconsideration of

the Court's order denying its motion for entry of final judgment

under Rule 54(b) of the Federal Rules of Civil Procedure.  For

the reasons set forth below, the Court DENIES the motion to

reconsider.


**I.   BACKGROUND**

This Court granted the defendants' motion for summary

judgment as to all of the claims filed against defendants Housing

Insurance Services and Kimberly Tompkins on March 23, 2007.  As

stated in this Court's Order and Reasons dated March 23, 2007,

the lawsuits that comprise this consolidated action stem from

damage caused by Hurricane Katrina to a six-story apartment
building in eastern New Orleans owned by plaintiff Peace Lake
Towers.  Plaintiff avers that a field inspection conducted in
April 2006 found that the cost of repairing the structure as a
result of damage causes other than flood was $11,894,914.68.
(Plaintiff's Compl., Civ. Docket No. 06-4522, at ¶ 4).  This
amount exceeds the $11,462,750 coverage limit contained in
plaintiff's insurance policy for the structure.  (*Id.* at ¶ 7).
Defendant Indian Harbor Insurance Company issued the policy.

Plaintiff initially filed these actions against Indian
Harbor, as well as its insurance agents and/or brokers, Resurgens
Risk Management, Risk Management Continuum, and Gwendolyn Zander,
and Housing Insurance Services and Kimberly Tompkins, after
Indian Harbor tendered plaintiff $60,899.25 on its claim for the
full policy limit.  (Pl.'s Compl., Civ. Docket No. 06-4522, at ¶
8).  Plaintiff sued Indian Harbor for breach of contract and bad
faith under La. Rev. Stat. §§ 22:658 and 22:1220, as well as
unfair settlement practices under La. Rev. Stat. § 22:1214.
Plaintiff also sued its insurance agents and brokers for
negligence and breach of contract arising from their alleged
failure to procure adequate insurance coverage for plaintiff.  On
March 21, 2007, plaintiff stipulated to the dismissal with
prejudice of all of its claims against Resurgens Risk Management,

Risk Management Continuum, and Gwendolyn Zander.  (R. Doc. 75).
On March 23, 2007, as noted above, the Court granted the summary
judgment motion filed by Housing Insurance Services and Kimberly
Tompkins, disposing of all of the claims against these
defendants.  On that same date, the Court also stayed the
remaining proceedings between Peace Lake Towers and Indian Harbor
for four months.

Housing Insurance Services and Kimberly Tompkins then moved
for entry of final judgment under Rule 54(b) as to plaintiff's
claims against them on March 30, 2007.  (R. Doc. 77).  The Court
denied this motion on April 18, 2007.  These defendants now move
the Court to reconsider its April 18, 2007 Order.  The motion is
unopposed.

## II.  DISCUSSION

A district court has considerable discretion to grant or to
deny a motion for reconsideration.  *See Edward H. Bohlin Co. v.
Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  A court's
reconsideration of an earlier order is an extraordinary remedy,
which should be granted sparingly.  *See Fields v. Pool Offshore,
Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3,
1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G.
Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1

(E.D. La. Aug. 30, 1995).  The Court must "strike the proper

balance" between the need for finality and "the need to render

just decisions on the basis of all the facts."  *Edward H. Bohlin*

*Co.*, 6 F.3d at 355.  To succeed on a motion for reconsideration,

a party must "'clearly establish either a manifest error of law

or fact or must present newly discovered evidence.'"  *Ross v.*

*Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer*

*Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy*

*Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir.

2003)).

Housing Insurance Services and Kimberly Tompkins fail to

offer any arguments that would warrant reconsideration of the

Court's order denying their motion for entry of final judgment

under Rule 54(b).  Defendants have not established that the

Court's earlier Order was in error, nor have they presented any

newly discovered evidence.  Rather, defendants merely restate the

proper legal standard, which the Court applied in its earlier

Order, and then raise an argument as to piecemeal appeals that

the Court already considered and rejected.  More specifically, in

its April 18, 2007 Order, the Court stated:

> The Court concludes that no injustice or hardship
> exists that would be alleviated by an immediate
> appeal and that no injustice would result from a
> delay in the entry of final judgment.  Further, the
> underlying litigation between Peace Lake Towers and

> Indian Harbor remains unresolved, and could result in
> an appeal.  Consequently, the possibility that an
> entry of judgment will produce piecemeal review in
> this case outweighs the danger of denying justice by
> delay.

(R. Doc. 79, at 5).  Accordingly, the Court denies the motion for

reconsideration.


## III. CONCLUSION

For the foregoing reasons, defendants' motion for

reconsideration is DENIED.


New Orleans, Louisiana, this 26th day of June, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE